UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MICHAEL ANGELO BURNETT #200640,

    Plaintiff,                    Case No. 2:09-cv-155

v.                                          Honorable R. Allan Edgar

DAVID BERGH, et al.,

    Defendants.

_____/

## OPINION

Plaintiff Michael Angelo Burnett #200640, an inmate currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Warden David Bergh, MDOC Director Patricia Caruso, and Unknown Parties. Plaintiff's complaint alleges that on August of 2005, while he was confined to the Marquette Branch Prison (MBP), an unnamed female corrections officer struck him in the mouth with feces. Plaintiff claims that as a result, he contracted endocarditis.

On September 16, 2005, Plaintiff was transferred to the Alger Maximum Correctional Facility (LMF). On November, 8, 2005, an unnamed female corrections officer asked Physician's Assistant Richard E. Miller not to provide him with treatment for his endocarditis. Thereafter, Miller failed to document Plaintiff's endocarditis. However, Miller had a blood sample drawn from Plaintiff, and the lab report indicated that Plaintiff had endocarditis. Plaintiff claims that on November 8, 2005, unnamed female corrections officers struck Plaintiff in the mouth with feces, exacerbating his endocarditis. Plaintiff contends that unnamed female corrections officers continued

to strike Plaintiff in the mouth with feces on a daily basis throughout his confinement at LMF. Plaintiff states that on July 7, 2006, he was transferred to another prison.

Plaintiff claims that defendants' actions violated his rights under the Eighth Amendment to the United States Constitution. Plaintiff is seeking compensatory and punitive damages, as well as equitable relief

Presently before the Court is the Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response and the matter is ready for decision. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, *supra*, at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 988 F.2d at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendants state that they are entitled to dismissal of Plaintiff's complaint because it is barred by the doctrine of res judicata, which consists of the doctrines of claim preclusion, traditionally known as res judicata, or issue preclusion, traditionally known as collateral estoppel. Under the claim preclusion doctrine, a final judgment on the merits of an action bars subsequent lawsuits between the same parties on all issues that were raised or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 92, 94, 101 S.Ct. 411, 414 (1980). Thus, the bar extends not only to all the claims that were actually litigated, but also to any claim that could have been brought in the original action. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). The doctrine of issue preclusion bars issues of fact or law that were decided and necessary to the judgment in subsequent proceedings, on a different cause of action, against any party to the prior proceeding. *Allen*, 449 U.S. at 94, 101 S.Ct. at 414; *Black*, 15 F.3d at 582. A federal court is generally required to give the same preclusive effect to a state court judgment as the state court would in a similar circumstance. The federal court must look to the laws of the state where the prior proceeding took place. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 1889 (1982).

Under Michigan law, res judicata or claim preclusion applies where (1) there was a final judgment on the merits in the prior lawsuit; (2) the prior lawsuit was between the same parties or their privies as the present lawsuit; and (3) the issues raised in the second case were resolved in the first case, or, through the exercise of reasonable diligence, might have been decided on the merits. *Smith, Hinchman and Grylls v. Tassic*, 990 F.2d. 256, 257-58 (6th Cir. 1993).

Defendants attach a copy of the report and recommendation and opinion and order adopting the report and recommendation in a previously filed case, *Burnett v. Caruso, et al.*, 2:08-cv-

168 (W.D. Mich., Jan. 5, 2009) to their motion, asserting that the instant action is barred by the decision in the prior case. In Case No. 2:08-cv-168, Plaintiff sued MDOC Director Patricia Caruso, Manager of Internal Affairs Stephen Marschke, Chief Medical Officer George Pramstaller, Marquette Branch Prison (MBP) Warden Gerald Hofbauer, Assistant Deputy Warden Cathy Alto, Assistant Deputy Warden Max Gormley, Inspector Shane Place, Valerie Hammond, R.N., Dr. Aster Berhane, Dr. Brenda Parker, Dr. W. M. Warren, Dr. Richard Miller, Corrections Officer Jeanne McGahey, and Unknown Parties. In addition, Plaintiff alleged: made the following claims:

> [B]etween August 17, 2005, and September 16, 2005, [Plaintiff] was exposed to ionized urine, semen and blood, which was exposed to radiation. Plaintiff contends that, as a result, he now suffers from endocarditis and gingivitis. Plaintiff also suffers from dehydration, low white blood cell count, and immuno-supression, which is commonly referred to as radiation sickness. In addition, Plaintiff claims that Defendant McGahey and Unknown Officers exposed Plaintiff to a radio controlled protons beam and administered electrical shocks, which cause pain, confusion, and loss of consciousness. In addition, Plaintiff contends that a protons beam may be locked or inserted into Plaintiff's ears as an infrared ear intercom to send communications directly to him and intercept his oral communication.
>
> Plaintiff alleges that Defendant McGahey and other officer would approach his cell wearing civilian clothing and various makeup, hairstyles and hair color, except for Officer Mannisto, who wore an officer's uniform adorned with a "strap onto phallus." Plaintiff states that these parties would incapacitate Plaintiff by administering electrical shocks to him, and that they would then enter Plaintiff's cell and brutally rape him. Plaintiff asserts that Defendant McGahey possessed firearms each time and that the prisoners who locked around Plaintiff were moved to the other side of the unit. Plaintiff states that, as a result of the rapes, he suffered profuse bleeding, swelling, pain and confusion. Plaintiff informed Defendant Hammond about the rapes, but was denied medical treatment. Instead, Defendant Hammond placed a false mental health referral in Plaintiff's medical file, alleging that Plaintiff could not be understood. Plaintiff states that Defendants Hofbauer, Alto, and Gormley were deliberately indifferent to the mistreatment suffered by Plaintiff.

> Plaintiff alleges that from November 8, 2005, to the present time, Defendant Miller discovered that Plaintiff had an "aorta murmer," which was confirmed by Defendant Berhane. This condition can be the result of endocarditis. Plaintiff states that bacterial endocarditis is an infectious disease that causes a life-threatening streptococci or staphylococci heart infection which, if allowed to progress, is usually fatal. Plaintiff contends that he has been continuously denied needed intravenous antibiotic treatment for his heart condition. Plaintiff states that Defendant Pramstaller has actual knowledge of the denial of treatment, but failed to take reasonable measures to order treatment. Plaintiff asserts that he filed numerous grievances, police reports, and appeals regarding the denial of medical treatment, and that his mother placed several phone calls to Defendants Caruso and Marschke.

*See Burnett v. Caruso, et al.*, 2:08-cv-168 (W.D. Mich., Jan. 5, 2009), docket entry #5.

A review of the allegations in each case reveals that the issue presented in this case is not identical to the issues presented against the defendants in the prior case. Therefore, the court concludes that the instant case is not barred by the doctrine of res judicata.

Defendants also contend that the instant complaint is barred by the applicable statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1] Plaintiff asserts claims arising from misconduct which occurred between August of

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising
(continued...)

2005 and July 7, 2006. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued no later than July 7, 2006. Plaintiff filed his civil rights action in this court on July 9, 2009, just past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002).

However, Defendants fail to note that under Sixth Circuit precedent, the lawsuit is deemed filed when handed to prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Plaintiff dated his application on July 4, 2009. Thus, it must have been handed to prison officials for mailing at some time between July 4, 2009, and July 8, 2009. Therefore, the court cannot conclude with certainty that the instant action is barred by the statute of limitations.

However, the court notes that the only named Defendants in this case are Defendants Bergh and Caruso.[2] With regard to these Defendants, Plaintiff's claims appear to be based on supervisory capacity over the unnamed corrections officers. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26

---

[1](...continued)
under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2]Because the court is unable to serve unnamed persons, they are not parties to this action.

(1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is

not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Bergh and Caruso were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Bergh and Caruso had in this action involve the denial of administrative grievances or the failure to act. Defendants Bergh and Caruso cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Bergh and Caruso are properly dismissed for lack of personal involvement.

In light of the foregoing, the court concludes that Defendants are entitled to dismissal of this action.

A Judgment consistent with this Opinion will be entered.

Dated: 9/29/2010          /s/ R. Allan Edgar
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE